**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LUIS EDUARDO POMAQUIZA-CAGUANA,

Petitioner,

v. No. 1:26-cv-02733-MLG-SCY

WARDEN of the CIBOLA COUNTY CORRECTIONAL CENTER, in his/her official capacity; DIRECTOR, Albuquerque, New Mexico Immigration and Customs Field Office, in his or her official capacity; DAVID J. VENTURELLA, Acting Director of Immigration and Customs Enforcement, in his official capacity; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; in his official Capacity; and TODD BLANCHE, Attorney General of the United States, in his official capacity,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Luis Eduardo Pomaquiza-Caguana's Verified Petition for Writ of Habeas Corpus ("Petition"), filed August 19, 2026. *See* Doc. 2. Pomaquiza-Caguana challenges his continued detention without a bond hearing and seeks his immediate release or an individualized bond hearing. Doc. 2 at 15. Federal Respondents[1] do not contest that Pomaquiza-Caguana entered the United States without inspection in 2021, received Special Immigrant Juvenile Status from United States Citizenship and Immigration Services in November 2023, and was detained by Immigration and Customs Enforcement officers in June 2026. *See* Doc. 2 at 1-2; Doc. 7 at 2; *see also* Docs. 2-1, 2-2. Given these facts, and because there is no indication

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than the Warden of the Cibola County Correctional Center.

that Pomaquiza-Caguana is being held pursuant to 8 U.S.C. § 1226(c), the Court concludes § 1226(a) governs his detention. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"). Pomaquiza-Caguana's detention without a bond hearing therefore constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination . . . . Therefore, without first evaluating [a noncitizen's] risk of flight or dangerousness, his detention is a violation of his due process rights.").

Federal Respondents argue that under *Santillan Quiroz* the "appropriate relief is to order the government to provide a bond hearing or else release the petitioner." Doc. 7 at 3. But in habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *see also Sosa v. De Azbarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than a bond hearing); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [the petitioner] has been taken into custody [and erroneously detained under a mandatory detention provision], cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

1. Respondents must immediately release (no later than forty-eight hours from this Order's filing) Pomaquiza-Caguana from custody.
2. Upon Pomaquiza-Caguana's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA